UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 17-40088-KES |
| Plaintiff | * | |
| v. | * | NOTICE PURSUANT TO FEDERAL RULE 807 |
| QUENTIN PETER BRUGUIER, a/k/a "JB," | * | |
| Defendant. | * | |

Quentin Bruguier, by his attorney Melissa Fiksdal, hereby provides notice pursuant to Federal Rule of Evidence 807 of the Defense's request to introduce hearsay evidence during the Defendant's trial in this matter.

Robert L. Mertz and David Keith, agents with the Federal Bureau of Investigations, conducted an interview with Cindy St. Pierre (D.O.B. 06/03/1966) at 309 Circle Drive, Lake Andes, South Dakota on October 4, 2017. This interview concerned sexual abuse allegations made against Quentin Bruguier. Cindy St. Pierre and Quentin Bruguier were caregivers for M.F.H. and L.D. Ms. St. Pierre had an extensive history with M.F.H. and L.D and was able to provide an important perspective as the other adult living in the home at the time some of the alleged events occurred. Ms. Saint Pierre passed away recently from a health-related issue and is not available to testify. The Defense would intend to offer the following statements:

1.) The M.F.H. and L.D. had been struggling in her home for the last few years. Further, Ms. St. Pierre made statements as to the length and time that M.F.H. lived with Ms. St. Pierre.

1

2.) That M.F.H. and L.D. were defiant when they lived in the home. As a result of that, Ms. St. Pierre had offered to have the girls put into tribal placement but both girls stated they wanted to stay at the residence.

3.) Ms. St. Pierre was able to get M.F.H. into treatment at Avera in November 2016.

4.) Ms. St. Pierre advised that M.F.H did go and live with other parties and that she eventually return to Ms. St. Pierre's home. Ms. St. Pierre also explained how M.F.H. progressed after she returned to the home (at first excelling in school and sports, the subsequent decline, and an eventual suicide attempt).

5.) Ms. St. Pierre sought out treatment for M.F.H. after a suicide attempt at Avera in Lake Andes.

6.) Ms. St. Pierre was one of the parties that M.F.H. disclosed the allegations of abuse to when she was found at her [M.F.H.] grandmother's home. Ms. St. Pierre was instrumental in ensuring M.F.H. had contact with Law Enforcement at that time.

7.) Ms. St. Pierre made statements about her observations about Mr. Bruguier and his interactions with M.F.H (M.F.H. would routinely go to Mr. Bruguier if she needed anything and that she voluntarily went with Mr. Bruguier to Santee, Nebraska).

8.) Ms. St. Pierre told investigators that she confronted Mr. Bruguier and that he denied the allegations. Ms. St. Pierre was frustrated that he was not trying to clear his name.

9.) Ms. St. Pierre also stated that she had never witnessed Mr. Bruguier viewing child pornography, nor did she ever discover child pornography in the home or on the home computer.

Rule 807 provides:

(a) Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804:

(1) the statement has equivalent circumstantial guarantees of trustworthiness;

(2) it is offered as evidence of a material fact;

(3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and

(4) admitting it will best serve the purposes of these rules and the interests of justice.

(b) Notice. The statement is admissible only if, before the trial or hearing, the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it.

Fed. R. Evid, 807.

The hearsay rule is generally said to exclude out-of-court statements offered for the truth of the matter asserted because there are four classes of risk peculiar to this kind of evidence: those of (1) insincerity, (2) faulty perception, (3) faulty memory and (4) faulty narration, each of which decreases the reliability of the inference from the statement made to the conclusion for which it is offered. . . . The traditional exceptions to the hearsay rule, in turn, provide the benchmark against which the trustworthiness of evidence must be compared in a residual hearsay analysis. . . . It is thus important to recognize that the trustworthiness of these exceptions is a function of their ability to minimize some of the four classic hearsay dangers. *United States v. Mejia*, 948 F.Supp.2d 311, 316 (S.D. N.Y., 2013).

Hearsay evidence is generally excluded "on the theory that cross-examination can help test for these four classes of error, thus allowing the fact-finder to weigh the evidence properly and to discount any that is too unreliable." *Id.* at 316. While a hearsay statement need not be free of all four of these dangers to be admitted, it must minimize at least some of them. *See Id.* at 316.

3

The residual exception to the hearsay rule applies "[w]hen a party seeks to introduce out-of-court statements that contain strong circumstantial indicia of reliability, that are highly probative on the material questions at trial, and that are better than other evidence otherwise available." *Tome v. United States*, 513 U.S. 150, 166 (1995). The United States Court of Appeals for the Fourth Circuit has cautioned that the residual hearsay exception "should not be construed broadly," and that "[t]o construe it broadly would easily cause the exception to swallow the rule." *United States v. Dunford*, 148 F.3d 385, 394 (4th Cir. 1998) (citation omitted). *Fed. Trade Comm'n v. Ross* (D. Md., 2012), Fed. Trade Comm'n v. Ross (D. Md., 2012).

In this case, Robert L. Mertz and David Keith, agents with the Federal Bureau of Investigations, conducted an interview with Cindy St. Pierre on October 4, 2017. This interview was audio recorded. Not only can the agents for the government testify as to the contents of the interview, the interview can be played to the jury to eliminate any possibility of insincerity, faulty perception, faulty memory, and faulty narration, "as the trustworthiness of a statement increases, the justification for excluding it decreases." *United States v. Shaw*, 824 F.2d 601, 609 n. 9 (8th Cir.1987) *rev'd on other grounds* 24 F.3d 1040 (8th Cir.1994).

Once it is determined that the proffered testimony has sufficient guarantees of trustworthiness, the Court must consider whether the testimony is evidence of a material fact. In this case all proffered statements by Ms. St. Pierre bear on the material issue of the Defendant's guilt or innocence. M.F.H and L.D. have made statements that they were abused by the Defendant and Ms. St. Pierre. M.F.H. also made statements that she was forced to travel to Santee, Nebraska with the Defendant, giving him an opportunity to molest her. M.F.H. indicates that Ms. St. Pierre knew of the abuse but did nothing to stop it or prevent it. Conversely, the interview with Ms. St. Pierre directly refutes these allegations and provides evidence that is

4

contrary to the picture that M.F.H. and L.D. wish to paint about living with Ms. St. Pierre and the Defendant.

Finally, Rule 807 requires a determination that admitting the hearsay testimony best serves the purposes of these rules and the interests of justice. In this case, had Ms. St. Pierre not died of a health-related event, she would have been called to testify as to the same issues she addressed in the interview with agents, Robert L. Mertz and David Keith. Allowing the proffered statements best serves the rules of evidence because the risks normally associated with these can be eliminated because there is an actual audio recording of the interview. Finally, the Defendant has a Constitutional right to defend against these allegations. The interest of justice is best served by allowing these statements under Rule 807.

Respectfully submitted this 6th day of November, 2018.

Melissa Fiksdal
Attorney for Defendant
400 N. Main Avenue, Suite 207
Sioux Falls SD 57104
605-275-4529
melissa@jefflarsonlaw.net

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the Notice Pursuant to Federal Rule 807 was served upon counsel for Plaintiff via electronic filing at his last known address as follows:

Jeremy.Jehangiri@usdoj.gov

Dated this 6th day of November, 2018.

Melissa Fiksdal

5